**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**



Venture M Trading Inc. d.b.a. Hazo Haus,

              Plaintiff,

v.

Ruggable LLC,

              Defendants.

Case No. 25-cv-11437

JURY TRIAL DEMANDED

## <u>COMPLAINT</u>

Venture M Trading Inc. d.b.a. Hazo Haus ("Hazo Haus"), by and through its attorneys, ARONBERG GOLDGEHN DAVIS & GARMISA, states as follows:

## I.    **JURISDICTION AND VENUE**

1. Hazo Haus brings this action under 17 U.S.C. §101, et seq. of the Copyright Act, to obtain declaratory judgements of non-infringement and invalidity with respect to Copyrights allegedly held by Defendant, Ruggable LLC ("Ruggable") as well as for equitable and monetary relief for common law unfair competition and tortious interference.

2. This Court has original subject matter jurisdiction The Court has subject matter jurisdiction over the copyright claim by virtue of 28 U.S.C. § 1338(a)-(b) (exclusive copyright claim jurisdiction and jurisdiction over associated unfair competition claims), and 28 U.S.C. § 1331 (original federal question jurisdiction).

3. This Court has supplemental jurisdiction over Hazo Haus's Illinois state law and common law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as this judicial district is one in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## II.      THE PARTIES

5.      Plaintiff, Venture M Trading Inc., d.b.a. Hazo Haus, is an Illinois company having an address of 620 Davis Street, Evanston, Illinois 60201.

6.      Plaintiff utilizes its Hazo Haus Amazon store to access the US market and US customers.

7.      Plaintiff sells its products, advertises its products, and, prior to Defendant's interference, had sold its products to customers in Illinois, and had expected to continue to sell them to customers in Illinois.

8.      Defendant, Ruggable LLC, on information and belief, is a Delaware Limited Liability Company with a principal place of business at 17809 South Broadway, Gardena, California, 90248

9.      Defendant sells products, including the rug designs at issue, through its online ecommerce store, including selling to customers in Illinois

10.      Defendant's sales and offers for sale of its rugs in Illinois competes with Plaintiffs sales and offers for sale of products to customers in this state.

## III.      INTRODUCTION

11.      Hazo Haus is engaged in online, e-commerce on various website platforms, and primarily on Amazon.com.

12.      Among the goods sold by Hazo Haus are area rugs having a variety of different designs.

*Intentionally Blank*

13.     Hazo Haus sells a "Forest Rug" having the following design:



14.    Hazo Haus sells a "Bird Rug" having the following design:



15.    Hazo Haus sells a "Bug Rug" having the following design:



16.     The Forest Rug, Bird Rug, and Bug Rug, are collectively referred to as the "Accused Products"

17.     On or around July 20, 2025 Ruggable began issuing complaints to online ecommerce sellers, and particularly to Amazon accusing the Accused Products of infringing copyrights owned by Ruggable.

18.     Specifically, Ruggable issued Amazon Complaint ID Numbers 18175833361; 18175944571; 18175975931; 18207128531; 18205066401; 18206281431; 18222015641; 18244559661.

19.     The Ruggable Complaints asserted that one or more of the Accused products "closely copy the distinctive design style" of Ruggable products and that it was "copyrighted content".

20.     An excerpt of one exemplary Complaint is as follows:

> The products listed under this color style appear to closely copy the distinctive design style of our Ruggable x Morris & Co. collaboration ( e.g. B0CG8TB2NF, B0CG8SHYZP), specifically the "Blackthorn Forest Green" pattern. The color palette, layout, and design strongly resemble our original design, which is part of an exclusive collaboration. Please see attached DTC link.
>
> Copyrighted content:https://ruggable.com/products/morris-and-co-blackthorn-forest-green-medium-pile-rug?size=6x9&system=rug-sys

21.     As a result of Ruggable's actions, at least 57 ASINs corresponding to Hazo Haus's products were removed from Amazon.

22.     Specifically, the following ASINs were taken down due to Ruggable's complaints:

- B0DXZ6ZGZQ;
- B0DKSGQNYB;
- B0DKSLBRY2;
- B0DKS7H9FM;
- B0DQ82BNL3;
- B0DYTZT5QR;
- B0DYTTTTPF;
- B0DYV7XKM1;
- B0DYV27M8H;
- B0F7RG1P4S;
- B0F7RF4747;

- B0DYTZVH42;
- B0DKT1Y1KF;
- B0DYV55WMB;
- B0DKT1RKZW;
- B0DKSGX11P;
- B0DKSX1G19;
- B0F5QBPK9K;
- B0DKSN5WCN;
- B0F5QCKB27;
- B0F5QBVR52;
- B0DKSL31C1;
- B0DKS78GDG;
- B0F24JX534;
- B0F3CQKCZ5;
- B0F3CQBFKG;
- B0DPKNP8H4;
- B0DKSB8ZQG;
- B0DKSC7TDY;
- B0DKSDPNGQ;
- B0DKSLFDF8;
- B0DKSNXS9S;
- B0DKSR6YP5;
- B0DKSR86YP;
- B0DKSV81H7;
- B0DKSXJP3M;
- B0DKT1ZLQB;
- B0DKT2KWP2;
- B0F7RFNFQK;
- B0F7RFNZ8B;
- B0F7RG19GX;
- B0F7RG9YYY;
- B0F7RGCK63;
- B0F7RGFXDN;
- B0F7RGVPST;
- B0FCXC8JMM;
- B0FCXMZFSK;
- B0FCXPNRBN;
- B0FCXPVJC2;
- B0FCXPVYHL;
- B0FCXPXVY5;
- B0FCXQ3D7D;
- B0FCXT6RZ6;
- B0FCXTKBLH;
- B0FCXY3HP5

- B0DKSDM41Y; and
- B0DKSJ6FZS.

23. As a direct and proximate result of Ruggable's complaints, Amazon removed the foregoing products, thereby preventing Plaintiff from advertising and selling the Accused Products on Amazon.

24. On information and belief, Ruggable asserts that it owns copyrights in the rug designs shown bellow:



(Blackthorn)



(Strawberry Thief)



(Flutterby)

25.    William Morris is a designer from the 1800s.

26.    William Morris created his most popular design, The Strawberry Thief, in 1883.

27.    Below is an image of Morris's The Strawberry Thief design:



28.     Willaim Morris founded Morris & Company and brought on other skilled weavers such as John Dearle. John Dearle joined Morris & Company in 1878 and in 1892 he designed the Blackthorn design (below) which is included in the Metropolitan Museum of Art (https://www.metmuseum.org/art/collection/search/384019):



29.     Iris Apfel is another designer known for insect and animal themes.

30. On information and belief, Iris Apfel is the author of the Flutterby design.

31. Ruggable does not own any of the three designs on its products.

32. The Blackthorn and The Strawberry Thief designs are in the public domain and cannot be the subject of any copyright.

33. Hazo Haus rugs do not use the Blackthorn design, but rather use their own variation with alternative flowers, colors, and arrangement.

34. Hazo Haus rugs do not use the Strawberry Thief design, but rather use their own variation with alternative fauna birds, colors, and arrangement.

35. Hazo Haus rugs do not use the Flutterby design, but rather use their own insect designs, colors, boarder variations, colors, and arrangement.

36. None of the Accused Products utilize any of the three designs of any of the Ruggable Products.

37. Despite knowing that the Hazo Haus Accused Products did not utilize any of the Ruggable Designs, and even knowing that the Blackthorn and Stawberry Thief designs were in the public domain, Rubbable intentionally interfered with Hazo Haus's sales of its products.

38. Hazo Haus sent a letter on August 13, 2025 requesting that Ruggable withdraw all of its complains against Hazo Haus's products.

39. Ruggable informed Hazo Haus that it had withdrawn some of its complaints, but not all of them.

40. As a result of Ruggable's interference, Hazo Haus has suffered significant losses.

41. Hazo Haus has lost sales over the time period in which the Accused Products were removed from Amazon due to Ruggable's complaints.

42.     Hazo Haus's ASIN links have been irreparably damaged because, with the reduction in sales volumes, the total sales and customer reviews are less than they otherwise would have been if Ruggable had not interfered and that has damaged the ranking of the ASIN links making it more difficult for Hazo Haus to have its links appear in Amazon searches.

## COUNT 1 – DECLARATORY JUDGMENT OF INVALIDITY OF ANY COPYRIGHT TO BLACKTHORN

43.     Hazo Haus incorporates all of the foregoing paragraphs herein.

44.     Ruggable asserts that it has a copyright in the Blackthorn Design of its product.

45.     The Blackthorn design is the same as the Morris design in the public domain.

46.     There is insufficient original work incorporated into Ruggable's Blackthorn design to warrant copyright protection.

## COUNT 2 – DECLARATORY JUDGMENT OF INVALIDITY OF ANY COPYRIGHT TO THE STRAWBERRY THIEF

47.     Hazo Haus incorporates all of the foregoing paragraphs herein.

48.     Ruggable asserts that it has a copyright in the Strawberry Thief Design of its product.

49.     The Strawberry Thief Design is the same as the Morris design in the public domain.

50.     There is insufficient original work incorporated into Ruggable's Strawberry Thief design to warrant copyright protection.

## COUNT 3 – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF ANY COPYRIGHT TO BLACKTHORN

51.     Hazo Haus incorporates all of the foregoing paragraphs herein.

52.     Copyright protects original expression, not styles, or public domain content.

53.      Hazo Haus's products do not copy any protectable material and do not infringe any allegedly valid copyright.

13



| | |
|---|---|
| **FIG 1**: Full View of Ruggable's Blackthorn Forest Green Rug | **FIG 2**: Full View of Hazo Haus's Rug |



| | | |
|---|---|---|
| **FIG 3**: Ruggable's Blackthorn Forest Green Rug – Zoomed in | **FIG 4**: Blackthorn Design in Public Domain | **FIG 5**: Hazo Haus's Rug – Zoomed in |

54.     As shown in Figures 3 and 4, the Ruggable Blackthorn Forest rug is a copy of the

Morris design.

55. By contrast, comparing all the foregoing figures, the Hazo Haus rug features original expression and a creative interpretation of Morris design in the public domain.

56. The Hazo Haus rug uses a different color pallet, softer tones, and alterative details in is leaves and flowers.

57. Hazo Haus's rugs neither infringe nor can be deemed to infringe upon Ruggable's Blackthorn copy of the original Morris work.

58. Hazo Haus does not infringe on any copyright of Ruggable.

**COUNT 4 – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF ANY COPYRIGHT TO THE STRAWBERRY THIEF**

59. Hazo Haus incorporates all of the foregoing paragraphs herein.

60. Ruggable's design is a direct copy of the Morris design, while Hazo Haus provides its own unique interpretation of the vintage design.



| **FIG 6**: Full View of Ruggable's Strawberry Thief Indigo Rug | **FIG 7**: Full View of Hazo Haus's Rug |



| **FIG 8**: Ruggable's Strawberry Thief Indigo Rug – Zoomed in | **FIG 9**: Strawberry Thief Design in Public Domain | **FIG 10**: Hazo Haus's Rug – Zoomed in |

61.     A comparison of Fig. 8 and 9 reflects the fact that Ruggable's design is a near identical copy of the public domain work.

62.     By contrast, the Hazo Haus design features different and original bird designs that are oriented differently and that are accompanied by alternative botanical designs.

63.     Hazo Haus's rugs neither infringe nor can be deemed to infringe upon Ruggable's Strawberry Thief copy of the original Morris work or any copyright thereto.

64.     Hazo Haus does not infringe on any copyright of Ruggable.

**COUNT 5 – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF ANY COPYRIGHT TO THE FLUTTERBY**

65.     Hazo Haus incorporates all of the foregoing paragraphs herein.

66.     Copyright protection is limited to the particular original expression of authorship, not mere concepts and ideas.

67.     Ruggable's design is not original to Ruggable.

68.     The concept of a rug featuring insects arranged in a symmetrical pattern is not copyrightable or protectable by copyright.

69.     The designs of the Hazo Haus Bug Rug and the Flutterby design contain multiple obvious creative differences such as arrangement of the bugs, types of bugs and the differing border of the rug. See FIG 11 & 12.



| **FIG 11**: Full View of Ruggable's Flutterby Rug | **FIG 12:** Full View of Hazo Haus's Bug Rug |

70.     The rugs at issue show similarity only in the broad, conceptual sense that both use geometrically arranged insects.

71.     Any similarities stop there.

72.     There is not one single insect in common between the two designs.

17

73.     The Hazo Haus design is arranged in a more open pattern with fewer color variations, giving it a softer overall appearance.

74.     Due to the numerous differences that reflect original and independent expression, Hazo Haus's design is not substantially similar to and does not infringe upon the Flutterby design.

75.     Hazo Haus does not infringe on any copyright of Ruggable.

**COUNTERCLAIM 9 – TORTIOUS INTERFERENCE**

76.     Hazo Haus incorporates all of the foregoing paragraphs herein.

77.     On information and belief, Ruggable does not own any copyright in or to any of its Blackthorn, Strawberry Thief or Flutterby designs.

78.     Every accused product obviously does not infringe upon any copyright that may exist or may have existed to any of the Blackthorn, Strawberry Thief or Flutterby designs.

79.     Despite knowing that the designs were in the public domain or otherwise not substantially similar to Hazo Haus's designs, and knowing of the clear and obvious differences in the overall appearances of any Accused Products, Ruggable intentionally filed complaints with Amazon, claiming ownership of copyrights in the Blackthorn, Strawberry Thief or Flutterby designs and claiming that Hazo Haus infringed upon such copyrights with the intent that Amazon would remove Hazo Haus's designs..

80.     Ruggable knew that Hazo Haus had an ongoing business relationship with Amazon.

81.     Indeed, prior to the filing of Ruggable's complaints, Hazo Haus had enjoy a long and prosperous business relationship with Amazon.

82.     Pursuant to that relationship, Hazo Haus would advertise and sell its rugs on Amazon's platform.

83. In exchange for the ability to utilize that platform, which provided Hazo Haus with greater visibility and resulted in higher sales volumes than selling through alternative websites or brick and mortar stores, Hazo Haus paid Amazon a fee on its sales.

84. This allowed Hazo Haus to reach its customers efficiently and easily, and Hazo Haus expected to continue to do business with Amazon, listing and selling its products for the fees charged by those platforms, because doing so allowed Hazo Haus to successfully sell its products.

85. However, on information and belief, Ruggable knew that its did own protectible copyrights in the Blackthorn, Strawberry Thief and Flutterby designs and could not assert any copyright protection over Hazo Haus's products, and with bad faith, sought to and did interfere with Hazo Haus's business expectancy with Amazon by wrongly convincing Amazon that it owned copyrights and that Hazo Haus's products were infringing on those copyrights.

86. At the time that Ruggable filed complaints with Amazon about Hazo Haus's Accused Products, Ruggable did not have a copyright registration with the Unites States Copyright Office directed to the Blackthorn design on the Ruggable rug.

87.  At the time that Ruggable filed complaints with Amazon about Hazo Haus's Accused Products, Ruggable did not have a copyright registration with the Unites States Copyright Office directed to the Strawberry Theif design on the Ruggable rug.

88. At the time that Ruggable filed complaints with Amazon about Hazo Haus's Accused Products, Ruggable did not have a copyright registration with the Unites States Copyright Office directed to the Flutterby design on the Ruggable rug.

89. But for Rugable's nefarious interference, Hazo Haus expected to continue to gain the economic advantage gained through the sale of its products through Amazon and continue to do business with those entities.

90.     On information and belief, Ruggable knew that Hazo Haus expected to continue to do business with Amazon, as Ruggable contacted Amazon and demanded they take down Hazo Haus's Accused Products.

91.     In seeking and obtaining the takedowns, Ruggable engaged in deception, and the suppression or omission of material facts with the intent that Amazon rely on Ruggable's representations of copyright ownership.

92.     These tactics included making complaints without informing Amazon of the public domain designs and the work of Iris Apfel, and the fact that Ruggable owned no federal copyright registrations to the works.

93.     Ruggable's bad faith in achieving the takedowns on Amazon was unjustified and caused Amazon to take down Hazo Haus's products, preventing Hazo Haus from enjoying the business relationship that Hazo Haus had expected to have with Amazon.

94.     As a result of Ruggable's violative actions, Hazo Haus was damaged, particularly in its ability to fully utilize its Amazon account in regular commerce with Amazon and customers.

95.     As a result of Ruggable's actions, Hazo Haus was damaged, and its sales links were irreparably damaged by losing their Amazon ranking.

96.     As a result, Hazo Haus is entitled to at least compensatory and punitive damages and injunctive relief due to Ruggable's interference.

### COUNTERCLAIM 9 – UNFAIR COMPETITION

97.     Hazo Haus incorporates all of the foregoing paragraphs herein.

98.     On information and belief, Ruggable does not own any copyright in or to any of its Blackthorn, Strawberry Thief or Flutterby designs.

99.     At the time that Ruggable filed complaints with Amazon about Hazo Haus's Accused Products, Ruggable did not have a copyright registration with the Unites States Copyright Office directed to the Blackthorn design on the Ruggable rug.

100.     At the time that Ruggable filed complaints with Amazon about Hazo Haus's Accused Products, Ruggable did not have a copyright registration with the Unites States Copyright Office directed to the Strawberry Thief design on the Ruggable rug.

101.     At the time that Ruggable filed complaints with Amazon about Hazo Haus's Accused Products, Ruggable did not have a copyright registration with the Unites States Copyright Office directed to the Flutterby design on the Ruggable rug.

102.     On information and belief, despite knowing that it did not own copyright registrations, Ruggable represented to Amazon that it did own copyrights in the Blackthorn, Strawberry Thief and Flutterby designs of its rugs, with the intent that Amazon would rely on such misrepresentations and take down Hazo Haus' rugs.

103.     Amazon did rely on Ruggable's misrepresentation, took down Hazo Haus's rugs, and Hazo Haus was thereby damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Hazo Haus prays for judgment against Ruggable as follows:

1)     That Judgment be entered against Ruggable finding that any alleged copyright to the Blackthorn design is invalid.

2)     That Judgment be entered against Ruggable finding that any alleged copyright to the The Strawberry Thief design is invalid.

3)     That Judgment be entered against Ruggable finding that any alleged copyright to the Blackthorn design is not infringed by any Accused Product.

4)      That Judgment be entered against Ruggable finding that any alleged copyright to the The Strawberry Thief design is not infringed by any Accused Product.

5)      That Judgment be entered against Ruggable finding that any alleged copyright to the Flutterby design is not infringed by an Accused Product.

6)      That Judgment be entered against Ruggable finding that it engaged in tortious interference and awarding Hazo Haus damages.

7)      That Judgment be entered against Ruggable finding that it engaged in unfair competition and awarding Hazo Haus damages.

8)      Awarding Hazo Haus punitive damages.

9)      Awarding Hazo Haus pre and post judgement interest.

10)     Awarding Hazo Haus its cost and reasonable attorneys fees.

11)     Awarding Hazo Haus permanent injunctive relief to preclude Ruggable from interfering with Hazo Haus's sale of the Accused Products and any other products bearing the same designs as the Accused Products.

12)     Awarding Hazo Haus any and all other relief that this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  September 22, 2025                    */s/Matthew De Preter*
                                              Matthew De Preter
                                              Sofia Quezada Hastings
                                              Karolina Jozwiak
                                              ARONBERG GOLDGEHN
                                              225 West Washington, Suite 2800
                                              Chicago, Illinois 60606
                                              312.828.9600
                                              cdepreter@agdglaw.com

                                              *Attorneys for Plaintiff*